**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4053**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

    v.

DARRYL JAROD MAGWOOD,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:12-cr-00361-LMB-2)

———————

Submitted: May 28, 2013           Decided: June 13, 2013

———————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Timothy V. Anderson, ANDERSON & ASSOCIATES, Virginia Beach, Virginia, for Appellant. Mary Katherine Barr Daly, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Jarod Magwood was convicted at a bench trial of conspiracy to distribute twenty-eight grams or more of cocaine base, 21 U.S.C. §§ 841(a)(1), 846 (2006), and possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2006). He was sentenced to 150 months in prison. Magwood now appeals. His attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising three issues but stating that there are no meritorious issues for appeal. Magwood has filed a pro se supplemental brief raising additional issues. We affirm.

I

Magwood first challenges the district court's credibility determinations, especially the finding that Detective Flick, a key Government witness, "was an extremely credible witness." Credibility determinations are within the province of the trier of fact and are not reviewable on appeal. See United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Accordingly, this claim is without merit.

II

Magwood contends that because he was not given Miranda warnings, see Miranda v. Arizona, 384 U.S. 436 (1966), prior to a post-arrest interrogation, testimony about that interview was

2

erroneously admitted at trial. In contravention of Magwood's claim, Detective Christopher testified that Magwood was administered the appropriate warnings. The district court found Christopher's testimony to be credible and Magwood's testimony incredible. As this credibility determination is not subject to review, we conclude that Magwood received Miranda warnings and that testimony about his post-arrest interview was properly admitted.

III

Magwood claims that there was insufficient evidence to convict him of the firearm offense. We will "sustain a guilty verdict that, viewing the evidence in the light most favorable to the prosecution, is supported by substantial evidence." United States v. Osborne, 514 F.3d 377, 385 (4th Cir 2008) (internal quotation marks omitted).

To establish a violation of 18 U.S.C. § 924(c), the government must prove that the defendant (1) used, carried or possessed a firearm (2) in furtherance of a drug trafficking crime or a crime of violence. See 18 U.S.C. § 924(c)(1)(A); United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009). Possession may be actual or constructive. United States v. Booker, 436 F.3d 238, 241 (D.C. Cir. 2006). "Furtherance" under § 924(c) means "furthering, advancing, or helping forward."

3

United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002) (internal quotation marks omitted).

We hold that there was sufficient evidence to convict Magwood of the firearm offense.  First, the evidence establishes that Magwood constructively possessed the firearm that was seized during a traffic stop: the gun was under the car's passenger seat where Magwood was seated the entire evening; he was seen reaching under the seat when the traffic stop began; he was seen with the gun earlier that evening; and he had carried that firearm during previous drug transactions.  Further, it is reasonable to infer that the gun was being used in furtherance of a drug offense: it was easily accessible; it was loaded; and it was in close proximity to both drugs and drug profits discovered in the car and on Magwood's person.

IV

Magwood claims that trial counsel was ineffective because he did not move to suppress statements Magwood made during the post-arrest interview.  Magwood also contends that counsel was ineffective because he "coerced" Magwood to sign a statement of facts in connection with plea proceedings that were aborted.  Magwood makes several other conclusory allegations of ineffective assistance.

Claims of ineffective assistance of counsel generally are not cognizable on direct appeal unless the record

4

conclusively establishes counsel's "objectively unreasonable performance" and resulting prejudice. United States v. Benton, 523 F.3d 424, 435 (4th Cir 2008). To allow for adequate development of the record, a defendant ordinarily should bring his ineffective assistance claim in a 28 U.S.C.A. § 2255 (West Supp. 2012) motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). We discern no errors by counsel warranting reversal.

V

In the Anders brief, counsel contends that Magwood's below-Guidelines sentence is unreasonable but offers no basis for this claim. Our review of relevant documents, including the presentence report and sentencing transcript, convinces us that the sentence is both procedurally and substantively reasonable and that the district court did not abuse its discretion in imposing sentence. See United States v. Diosdado-Star, 630 F.3d 359, 365 (4th Cir. 2010); see also Gall v. United States, 552 U.S. 38, 51 (2007).

VI

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm. This court requires that counsel inform Magwood, in writing, of the right to petition the Supreme Court of the United States for further review. If Magwood requests

5

that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Magwood.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED